JAMES P. TUCKER, plaintiff in error, *vs.* A. CORNOG, executor, defendant in error.

1. The release of property by a plaintiff in *fi. fa.* for value, before purchase by the claimant from defendant in *fi. fa.* of other property, will not discharge the property so purchased from the lien of the judgment.

2. On the trial of such a claim, a bond with personal security, taken by the claimant to save his purchase harmless from the lien of the judgment, is admissible against the claimant.

3. The fact that the claimant took the deed from wife as well as husband, under such circumstances as sale of homestead, with consent of ordinary, without more, will not affect the result of the case.

Liens.    Judgments.    Evidence.    Before Judge RICE. Franklin Superior Court.    October Term, 1876.

Reported in the opinion.

J. F. LANGSTON, for plaintiff in error.

J. B. ESTES, for defendant.

JACKSON, Judge.

Knox, when in life, obtained judgment against Dorough, and execution was issued thereon. This execution was levied upon a house and lot in Carnesville, claimed by Tucker. Tucker set up in defense an equitable plea, to the effect that Knox, or his executor, had levied upon other property of Dorough in the possession of one Cobb; that Cobb filed a bill and litigated with them; that the case was settled by an agreement between the executor, Cobb and Knox, that Cobb would pay all costs, levy included, and Cobb's property should be released, and Dorough would otherwise pay to the executor of Knox the *fi. fa.*; that this took place in 1870, and afterwards, in 1872, Dorough sold the land now levied on to Tucker, the claimant, and that such release of the property of Cobb discharged Tucker's purchase from the lien of Knox's judgment. The court below struck this equitable plea, and the question is, was there equity in this plea?

1. If Tucker had bought the lot now levied on before the release to Cobb, we think that Tucker's purchase would have been discharged, had he bought in good faith and paid value; but, as he bought afterwards, we are at a loss to see how he derived any equity from the release. He bought from Dorough in *statu quo*—he bought subject to any lien then existing against the land when Dorough's—this lien of this judgment did exist—his equitable plea showed that Dorough had agreed in the settlement with Knox and Cobb to pay this judgment out of other property of his; this

purchase, which he afterwards made, was a part of this other property, and was liable to the judgment when Tucker bought; and no release was ever made by Knox, or his executor, of anything *afterwards*. We, therefore, cannot see any equity in Tucker's plea. All that Knox had done was done before his purchase; all was of record; he bought with the record before him, and took what he bought *cum onere*, with the burden of this unpaid judgment, which Dorough had agreed to pay out of property other than that released, a part of which was this claimed by him.

2. Besides, the fact afterwards appeared, that when he bought he took bond and security from Dorough to protect himself from the lien of judgments against Dorough. Surely the court was right to admit that bond in evidence.

3. We cannot see how the case can be affected by the fact that the land was once set apart as homestead, and that Mrs. Dorough signed the conveyance to Tucker with her husband, and with the approval of the ordinary, especially as there was testimony to show that the *fi. fa.* or judgment was for purchase money.

In view of all the facts, we are clear that the court was right in dismissing or striking the equitable plea, in admitting the bond in evidence, and in overruling the motion for a new trial.

Judgment affirmed.