MANLEY *et al. vs.* AYERS *et al.*, executors.

1. Where land which had been sold by a defendant in *fi. fa.* was levied on, a bill filed by the purchaser to settle his rights, an agreement between the plaintiff in *fi. fa.* and the complainant made, whereby the former were not to proceed against this land and the latter was to dismiss his bill and pay costs, which he did, the land was thereby released from the *fi. fa.*, and it could not be subjected at the instance of subsequent transferees thereof. *Aliter* if the contract not to enforce the *fi. fa.* against this land was conditional upon the payment of it by defendant from other sources, which was not carried out.

2. Where the land of a defendant in *fi. fa.* was sold to two purchasers, and the defendant, with certain persons as securities, entered into a bond to indemnify and protect the second purchaser against the *fi. fa.* as part of the contract of sale to him, upon the subsequent transfer of such *fi. fa.* to the securities, the bond in effect released the land of the second purchaser, and therefore operated as a release to the first purchaser, who had bought for value before the making of the bond.

v 68—34

Levy and Sale. Executions. Contracts. Claims. Before Judge ERWIN. Franklin Superior Court. October Term, 1881.

Knox sold certain land to Dorough, who in turn sold a part of it to Cobb, and subsequently a part to Tucker. Dorough held only a bond for titles from Knox, and Cobb a bond for titles from Dorough. Cobb sold to Ayers. In the meantime Knox recovered judgments against Dorough for balance of purchase money due, and *fi. fas.* issued. At the time of the sale to Tucker, Dorough entered into a bond with Manley *et al.* as securities, to protect the purchaser against the purchase money *fi. fas.* in the hands of Knox. Knox having died, his executor, Cornog, caused a levy to be made on the lot bought by Cobb, and at that time held by him. He filed his bill setting up that, though he had no deed, the purchase money had been fully paid, and that Knox knowingly had received a large portion of it on his debt, had stood by and seen complainant making improvements, etc.; he prayed to have his title established. Before filing the bill, he had filed a claim which was then pending. Both the bill and the levy were dismissed. Why or on what terms this was done the evidence is conflicting. Estes, the attorney for plaintiff in *fi. fa.*, testified that Dorough agreed to pay the debt in monthly installments of $100.00, and that, having confidence in him, witness agreed to dismiss the levy, but not to disclaim a right to relevy if Dorough failed to make the payments. Cobb testified that he had previously paid all of the purchase money, and that it was agreed that the matter should be dropped, and the *fi. fas.* not enforced against him, and that he dismissed his bill. After this a levy was made on the lot bought by Tucker, and it was found subject. (See 58 *Ga.*, 443.) The securities on the indemnity bond thereupon bought up the *fi. fas.* and caused them to be relevied on the Cobb lot, which had then been sold to Ayers. A claim was interposed. Ayers

having died, his executors prosecuted the claim. The property was found not subject.

The transferees of the *fi. fas.* moved for a new trial, alleging as error that the court charged that if the contract was as stated by Cobb in regard to the dismissal of the bill, the land, so far as this point is concerned, would not be subject, but if certain *fi. fas.* were to be extinguished as part of the agreement, and it was not done, the land would be subject.

Error was also assigned because the court charged, in effect, that the indemnity bond to Tucker released his land from the levy, and the effect of that would be to release Cobb, whose money Knox had received.

The motion was overruled, and plaintiffs excepted.

J. S. DORCH ; S. P. THURMOND ; BARROW & THOMAS. by brief, for plaintiffs in error.

SPENCER M. SMITH, for defendants.

JACKSON, Chief Justice.

1. On the trial of this claim case it appears that the claimants held under one Cobb as purchaser from the defendant in execution, and who had bought from the original plaintiff in execution. The claimants contended that a bill had been filed by Cobb against the executor of Knox, setting up payment which Knox got for the property here levied on, and other equities, and that bill was dismissed by Cobb with the distinct understanding and agreement that this property should never be subject to these *fi. fas.* The court charged that if that was so, the transferees of the *fi. fas.*, who got them after this contract, could not sell the land levied on; but if the agreement was that Dorough should extinguish and pay up certain of the *fi. fas.*, and he had not done it, then the property would be subject so far as this point is concerned. On this charge error is assigned. There is no error in it. Cobb swore positively that such was the contract, as he stated it, and

Estes' recollection was different; but all agreed that Cobb had paid all the purchase money to Knox.

It was a question of fact for the jury, and the court was right to submit it. If Cobb dismissed his bill, it was a good and valid consideration to support the agreement not to molest the land he bought and paid for further. The *fi. fas.*, let it be noted, were for purchase money of a body of land or parcels of lands of which that levied on was part; and it is reasonable and equitable that Cobb's part paid for should not be made to pay for the rest too.

2. It is further insisted that the court erred in charging on another point. It seems that the present transferees and plaintiffs in error here had given a bond to indemnify a purchaser of other parts of the land sold by Knox against these executions, and after the dismissal of the bill by Cobb, and the arrangement then entered into, they got control of the *fi. fas.* to save themselves from the breach of that bond, and levied on this land to make it pay the *fi. fas.* they bought for that purpose. On this state of the case, the court charged to the effect that, as the present plaintiffs in execution had by bond released a part of the land subject, and while it was levied on and could have been sold, they could not subject this part; that their conduct in so acting, if they did so act, would operate also to discharge this part of the land paid for by Cobb, and which money Knox, the original plaintiff, got.

We see no error in this charge, fully reported in the motion for a new trial, and as the facts would also support a verdict thereon, the judgment is affirmed which denied the motion for a new trial. Indeed the points ruled in 58 *Ga.*, 443, *Tucker vs. Cornog, executor*, a branch of this same transaction, must control this case. That case rendered Tucker's part of the land subject, and Tucker is the party which these plaintiffs agreed to indemnify. Equity will not permit them now to subject Cobb's purchase.

Judgment affirmed.